FILED

MAR 30 2007

JEFFREY A. APPERSON, CLERK
BY_____
DEPUTY CLERK

## VERDICT QUESTION NO. 1

It was the duty of Heidi Salsman in driving her vehicle to exercise ordinary care for the safety of other persons using the highway, and this general duty included the following specific duties:

(a)  to keep a lookout ahead;

(b)  to have her automobile under reasonable control;

(c)  to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the conditions of the roadway, insofar as they were known to her or in the exercise of ordinary care should have been known to her, and not exceeding the speed limit;

(e)  to drive and keep her automobile on the right hand side of the roadway; and

(f)  to exercise ordinary care generally to avoid collision with other persons and vehicles on the roadway.

"Ordinary care" means such care as an ordinarily prudent person would exercise under the same or similar circumstances.

All of these duties are subject to this qualification: If immediately before the collision Heidi Salsman was suddenly and unexpectedly confronted with an emergency by the presence of ice on the surface of the roadway, and if such emergency was not brought about by any failure of Heidi Salsman to perform the duties set forth above, she was not thereafter required to adopt the best possible course in order to avoid the impending danger but was required to exercise only such care as an ordinarily prudent person would exercise under the same conditions and circumstances.

Do you believe, based on a preponderance of the evidence, that Heidi Salsman failed to perform one or more of these duties and that such failure was a substantial factor in causing the collision with the plaintiff Jeremy Jones's vehicle?

    ✓
_____                                         _____
   Yes                                                                     No

If you answered "yes" to the question above, you will find for the plaintiff. Please proceed to Verdict Question No. 2.

If you answered "no" to the question above, you will find for the defendant. Please disregard Verdict Question No. 2 and inform the court security officer that you have completed your deliberations.

## VERDICT QUESTION NO. 2

You shall complete this page only if you answered "yes" to Verdict Question No. 1.

If you find for the plaintiff, Jeremy Jones, you will determine from the evidence and award him a sum of money that will fairly and reasonably compensate him for such of the following damages, if any, as he sustained as a direct result of the collision about which you have heard evidence:

(a) Reasonable and necessary medical expenses,

not to exceed $10,498.60, the amount claimed;

(b) Pain and suffering,

not to exceed $500,000.00, the amount claimed;

(c) Lost wages,

not to exceed $100,000.00, the amount claimed;

(d) Permanent impairment of power to labor and earn money,

not to exceed $543,980.00, the amount claimed.

You will award Jeremy Jones only those damages you believe he sustained on account of injuries, if any, he suffered in the collision about which you have heard evidence.

If you determine that Jeremy Jones is entitled to recover damages for his injuries, your award shall include compensation for losses attributable or related to his pre-existing physical condition, but only if and to the extent that such pre-existing condition was aroused or aggravated by the collision in question.

We, the jury, find that the plaintiff, Jeremy Jones, sustained the following damages and award such sums of money:

(a) Medical expenses, not to exceed $10,498.60:   $ 9,863.60

(b) Pain and suffering, not to exceed $500,000.00:   $ 50,000.00

(c) Lost wages, not to exceed $100,000.00:   $ 20,000.00

(d) Permanent impairment of his ability to labor and earn money, not to exceed $543,980.00:   $ 0

TOTAL DAMAGES:   $ 79,863.60

Dated this 30 day of March, 2007.

Foreperson

After you have completed this Verdict Question, please inform the court security officer that you have completed your deliberations.