## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

JEREMY JONES                                                           PLAINTIFF

v.                                              CIVIL ACTION NO. 3:04-CV-137-MO

LIBERTY MUTUAL FIRE  INSURANCE CO.                                     DEFENDANT

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on several discovery motions.  This is an insurance action in which the plaintiff, Jeremy Jones, seeks compensatory and punitive damages under common-law bad faith and Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") from the defendant, Liberty Mutual Fire Insurance Company, for its failure to pay a valid claim for underinsured motorist benefits.

**I.  Defendant's Motion to Limit Discovery**

The defendant moves to limit discovery to its pre-litigation claims handling process and, specifically, seeks entry of an order which states that in assessing the viability of the bad faith claims, the only relevant time frame is prior to the commencement of this litigation.  The defendant argues because Rule 11 of the Federal Rules of Civil Procedure essentially requires that the complaint contain allegations of a past occurrence of bad faith, its conduct after the filing of the complaint is not relevant nor discoverable.  The court disagrees and will deny the motion.

In the complaint, the plaintiff alleges violations of Kentucky's UCSPA, including the failure to make any offer of settlement.  The Supreme Court of Kentucky recently addressed whether the commencement of bad faith litigation against an insurer ended its liability under Kentucky's UCSPA and concluded that it did not.  *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512

(Ky. 2006).  The *Knotts* court stated that "an insurer's duty to settle should continue after the commencement of litigation" because an insured's only remedy for an insurance company's objectionable settlement conduct during litigation is a claim of bad faith, unlike other litigation conduct governed by the civil rules.  *Id.* at 523.

Nevertheless, the defendant contends *any conduct* after the filing of this action is irrelevant to the bad faith claims asserted in the complaint.  In its motion, the defendant confidently states that this approach comports with Kentucky law and cites *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512 (Ky. 2006), as if it is authority which clearly supports its position.  In fact, the *Knotts* opinion directly states the contrary to the defendant's proposition and holds that the insurer's enumerated duties under Kentucky's UCSPA do *not* end with the commencement of an insured's lawsuit.  *Id.* at 514, 517.  Although the *Knotts* case involved a separate action for bad faith rather than a bifurcated proceeding as here, the distinction is *pro forma*.  Regardless of the procedural posture of the case, Kentucky's UCSPA applies to an insurer's conduct for the duration, that is, for as long as the insured's "claim" for compensatory payment under the insurance policy remains pending.  *Id.*

This construction of UCSPA – imposing a continuing duty of good faith settlement conduct – clearly supports the plaintiff's effort to discover the defendant's claims handling process after the filing of this action.  In the same vein, the defendant misplaces reliance on dictum in which the *Knotts* court distinguished evidence of post-filing settlement conduct from litigation tactics or strategy.  The *Knotts* court offered that litigation strategy may be inadmissible because, on balance, it may not be sufficiently probative of bad faith settlement conduct; it did not address discoverability and indeed declined to suggest a blanket rule of inadmissibility of litigation strategy.  *Id.* at 518, 521-22.  Moreover, Rule 26 of the Federal Rules

2

of Civil Procedure permits discovery if the information, though not itself admissible, is likely to lead to the discovery of admissible evidence.  The court will therefore deny the defendant's request for an order imposing blanket protection.

Before leaving this issue, the court must caution the defendant's counsel that the legal argument set forth in its motion obfuscates the *Knotts* rule of law.[1]  The court must also caution counsel that its motion inaccurately quotes the complaint as if the allegations appear in simple past tense to bolster the contention that the filing of this action essentially ended any liability for alleged bad faith.[2]  The complaint, rather, uses the present perfect tense which can communicate a continuing situation.  Although the court respects zealous advocacy, counsel are advised that its motion strains credulity and taxes judicial resources.

## II.  Plaintiff's Motion to Compel Written Discovery

The plaintiff moves to compel answers to interrogatories and requests for production of documents.  The court concludes the motion is generally well taken; however, the court will sustain a few of the defendant's objections as discussed below.

---

[1]In *Knotts*, the Supreme Court of Kentucky stated, "Nothing in [Kentucky's UCSPA] limits its applicability to pre-litigation conduct, and since the statute applies to "claims," it continues to apply to an insurer so long as a claim is in play.  As such, we hold that [UCSPA] applies both before and during litigation."  *Knotts,* 197 S.W.3d at 517.  Contrast this clear holding with the legal argument in the defendant's motion (docket no. 87):

> 5. ... In other words, the relevant inquiry is whether Liberty Mutual had a reasonable basis to do what it did in handling Plaintiff's contract claim prior to Plaintiff filing the Complaint.  Any conduct after the filing of the Complaint is irrelevant to this inquiry.
> 6. This approach comports with Kentucky law.  The Kentucky Supreme Court recently held that, while discovery into behavior occurring after the commencement of litigation can sometimes be permitted under the UCSPA, such evidence of post-filing conduct may often be of limited relevance to a claim of bad faith and raises distinct concerns about prejudice to the insurance company.  *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512 (Ky. 2006).

[2]For example, in the motion the defendant says that the alleged violations of Kentucky's USCPA are that the defendant "did not 'attempt in good faith to effectuate ... .'"  (Docket no. 87 at ¶ 2.)  The complaint actually states that the defendant "has violated the provisions of [UCSPA], for ... not attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear ... ."  Compl. at ¶ 17.

3

In the main, the defendant's responses reflect the erroneous view that *Knotts* limits the scope of discovery to pre-litigation conduct.  Based on the discussion above, the court will overrule these objections.  The court will overrule relevance objections to other interrogatories and requests where in its view the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence.  (Interrogatories 5, 8, 9, 13, 15; Requests 5, 8, 17, 26.)

The defendant's objections also raise the question whether the plaintiff is entitled to discover, without limitation, information regarding other bad faith litigation against the defendant.  The court concludes this discovery is overly broad because bad faith arising in dissimilar actions or other jurisdictions is unlikely, in the court's view, to lead to the discovery of admissible evidence supporting the plaintiff's claim for punitive damages.  *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003); *Grange Mutual Ins. Co. v. Trude*, 151 S.W.3d 803, 812 (Ky. 2004).  Thus, the court will compel only information of other bad faith litigation in Kentucky in which the claims handling involved similar factual defenses in a motor vehicle accident, that is, claims involving allegations of a permanent brain injury or personal injuries in a single-vehicle (or non-collision) motor vehicle accident.  Responsive information is not limited to underinsured motorist benefits, per se, nor limited to the adjuster or individuals who handled this case.  Rather, claims handling of cases that involved either factual component is responsive to the plaintiff's requests for information of other bad faith litigation. (Interrogatories 10, 11.  Request 24.)

This reasoning applies to the document requests for training materials  (Requests 6, 9, 19) and average payments (Request 10).  The defendant should provide documents responsive to these requests within the scope defined in the preceding paragraph.

For those requests pertaining to the Kentucky Department of Insurance records, the court

will sustain the defendant's objections for reasons stated in its response memorandum (docket no. 105).  (Requests 7, 23, 25, 27.)

The defendant further objects to the requests for job performance information on grounds that the information is not relevant.  The court will compel production of documents consistent with *Trude*, 151 S.W.3d at 815, but at this time will limit responses to those documents related to the adjuster and other employees who bore any responsibility, directly or indirectly, for the handling of this claim.  If this discovery reveals arguably probative information, the court will then consider whether to permit broader discovery.  (Requests 11-15, 22.)

For reasons set forth in the defendant's response memorandum, the court will sustain the objections to the remaining requests.  (Requests 16, 18, 20, 21.)

## III.  Motion to Depose or to Disqualify Attorney Frederick

The defendant seeks to depose the plaintiff's counsel, Carl Frederick, because he has, the defendant argues, exclusive knowledge of the factual basis of the bad faith claims asserted in the complaint.  The defendant further urges the court to prohibit attorney Frederick from participating in a dual role as advocate and witness.  In support of its motion, the defendant states that it deposed the plaintiff who could provide no information concerning the factual basis of the bad faith claims and cites *Zurich Insurance Co. v. Knotts*, 52 S.W.3d 555 (Ky. 2001), again, as if it is authority which clearly supports the proposition that disqualification is an appropriate remedy here.  The court disagrees and will deny the motion.

The *Zurich* opinion involved a different set of circumstances that provided better grounds for disqualification than exist in the case at bar.  *Zurich*, 52 S.W.3d at 555.  There, the Supreme Court of Kentucky held that disqualification was not necessary even though the plaintiff's attorney interjected his testimony by way of an affidavit to oppose the insurance company's

5

motion for summary judgment. *Id*. at 557, 560. Here, attorney Frederick has not interjected his testimony. In addition, his role in the underlying facts of the bad faith claim is reflected in the few pieces of correspondence to the defendant and will be the subject of the claims adjuster's testimony. The need for attorney Frederick's testimony appears to be premature and, and as represented to this court during oral argument, unlikely to conflict with the documentary evidence or the adjuster's testimony. Just as significant, the *Zurich* opinion recognizes the need to balance a party's choice of counsel against the potential prejudice to the opposing party's case and to deter the temptation to call opposing lawyers as witnesses simply to disqualify them. *Id*. at 560.

## ORDER

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the defendant's motion to depose or to disqualify (docket no. 88) is **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion to limit discovery (docket no. 87) is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (docket no. 91) is **GRANTED IN PART**. The defendant shall supplement, consistent with this memorandum opinion, its answers to interrogatories 5, 8, 9, 10, 11, 13, 15, and requests for production of documents 2, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 19, 22, 24, 26. Any information or documents withheld under a claim of privilege shall be described in detail in a privilege log.

The defendant shall provide this discovery within thirty days of the date of this order.

Date:

Copies to:  Counsel of Record